# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MAYCO PLASTICS, INC.,**

    Plaintiff-Appellee,

v.

**TRW VEHICLE SAFETY SYSTEMS, INC., et al.,**

    Defendant-Appellant.

_____/

**CIVIL ACTION NO. 08-CV-12094-DT**

**DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Appellants' Motion for Leave to Appeal (docket no. 1) should be **DENIED**; Appellants' Motion to Strike (docket no. 7) should be **DENIED.**

**II. REPORT:**

    **A. Facts, Procedural History, and Claims**

This matter comes before the Court from the Bankruptcy Court on the Motion for Leave to Appeal Interlocutory Order filed by Appellants TRW Vehicle Safety Systems, Inc., TRW Safety Systems, Inc., and TRW Automotive U.S., LLC, filed on May 13, 2008. (Docket no. 1). Appellee filed a Response on May 27, 2008. (Docket no. 2). Appellants filed a Motion to Strike the Response of Appellee on June 3, 2008. (Docket no. 7). On June 11, 2008, Appellee filed a Response to the Motion to Strike. (Docket no. 9). Both of these motions were referred to the undersigned for a Report and Recommendation. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

On September 12, 2006, Mayco Plastics, Inc. (Mayco) filed a Chapter 11 petition in the Eastern District of Michigan Bankruptcy Court. (Docket no. 1). On May 14, 2007, Mayco initiated an Adversary Proceeding against the TRW parties seeking payment of alleged pre-petition accounts receivable which arose from purchase orders between the TRW parties and Mayco. (*Id*.). The TRW parties raised affirmative defenses in the adversary proceeding. (*Id*.). The parties filed cross-motions for partial summary judgment on certain of these affirmative defenses. (*Id*.). The bankruptcy court granted in part and denied in part these motions for summary judgment. (Docket no. 1 exs. A & B). Specifically, the bankruptcy court found that: (1) Mayco repudiated TRW purchase orders; (2) to the extent that TRW was entitled to any damages as a result of Mayco's repudiation of the TRW purchase orders, TRW was permitted to net those recoveries against the payable that it owed to Mayco for parts and tooling; (3) the amount paid by TRW for its participation in Citizens Bank post-petition loan to Mayco is not "cover" under the applicable Michigan UCC provision and these payments are not a form of damages occasioned by the pre-petition repudiation by Mayco; (4) the post-petition loan made to Mayco is a separate transaction from the pre-petition purchase orders and TRW may not rely on the doctrine of recoupment to reduce the unpaid balance on its pre-petition payable owing to Mayco; (5) TRW also may not rely on the doctrine of set-off under § 553 of the bankruptcy code to reduce the unpaid balance of its pre-petition payable owing to Mayco; and (6) set-off is not available to TRW as an equitable remedy. (Docket no. 1 ex. A).

The TRW parties seek to raise five issues on appeal. They seek an order holding that they "covered" by providing Mayco with extra-contractual accommodations and by continuing to purchase goods from Mayco, and alternatively, that their losses on the subordinated participations

are recoverable as damages. The TRW parties also request entry of an order holding that the TRW parties are entitled to recoup their losses, or if recoupment is not available, that they have a pre- or post-petition claim for losses which may be set-off against Mayco's request for payment of its pre-petition receivables under the purchase orders. Finally, the TRW parties request a holding that they are entitled to set-off their losses on equitable grounds. (Docket no. 1).

The TRW parties move to strike the Response of Mayco because the Response was allegedly untimely filed and filed in the wrong court. (Docket no. 7). Mayco responds by arguing that its Response was timely and filed in the proper court. (Docket no. 9).

### B. Governing Law

The relevant factors in determining whether the motion for leave to appeal should be granted are whether the order being appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Wicheff*, 215 B.R. 839, 844 (6th Cir. B.A.P. 1998) (courts generally apply standards of section 1292(b) to determine whether to grant interlocutory appeals in bankruptcy cases). Leave to appeal "should be granted only in exceptional circumstances because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Wicheff*, 215 B.R. at 844.

### C. Analysis

#### 1. Motion to strike

The TRW parties have moved to strike the Response of Mayco to their Motion for Leave to Appeal. (Docket no. 7). The TRW parties contend that they filed their notice of appeal in the

bankruptcy court on May 12, 2008, and that under Fed. R. Bankr. P. 8003(a) Mayco had ten days from this date within which to file an answer in opposition to the Motion for Leave to Appeal with the bankruptcy court clerk. (*Id*. at 2). The TRW parties further contend that Mayco failed to file its opposition with the bankruptcy court clerk as it should have under E.D. Mich. LR 83.50(d)(1), but instead filed it with the district court clerk. (*Id*.). Additionally, the TRW parties argue that Mayco's Brief in Opposition was filed on May 27, 2008 which was five days after the deadline for it to do so. (*Id*.). They request that Mayco's Brief in Opposition be stricken and not considered in deciding the Motion for Leave to Appeal.

The TRW parties' Motion to Strike should be denied. They rely solely on the force of the court rules cited above and do not cite any cases in which courts have granted the relief they request under similar circumstances. Moreover, the court records show that the Motion for Leave to Appeal was filed with the district court clerk on May 13, 2008, one day after the TRW parties filed their Motion for Leave to Appeal with the bankruptcy court clerk.[1] Thus, it appears that bankruptcy court clerk immediately sent the Motion for Leave to Appeal to the district court clerk. However, the bankruptcy court rules allow a party to file an answer in opposition within ten days after service of the motion for leave to appeal, and state that the "clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired." Fed. R. Bank. P. 8003(a), (b). Therefore, in this case the Motion for Leave to Appeal

---

[1] The TRW parties filed a Motion for Leave to Appeal, a brief in support, and a Notice of Appeal. (Docket no. 1).

was sent to the district court clerk prior to the expiration of the ten-day period for Mayco to file its answer.

This Court's local rules provide that papers are to be filed with the bankruptcy clerk while cases are pending before a bankruptcy judge, or before entry of an appeal on the district court docket. E.D. Mich. LR 83.50(d)(1). "After a contested matter or proceeding is assigned to a district judge, all papers in the matter or proceeding must . . . be filed with the district clerk." (*Id*. (d)(2)). Because the case appeared on the district court docket and was assigned to a district judge as of May 13, 2008, or the day following,[2] Mayco's filing of its Brief in Opposition with the district court clerk is justified.[3]

Mayco argues that its response time was governed by E.D. Mich. LR 7.1(d)(2) and Fed. R. Civ. P. 6(a)(3) (time computation), and that under these rules its Brief in Opposition was timely filed. Mayco's filing would be timely if judged by these rules. This argument is weak, however, because Mayco is relying upon the general response time allowed for nondispositive motions. The bankruptcy court rule which specifically applies to answers to motions for leave to appeal prescribes the shorter response time, and under that rule Mayco's response was not timely. Yet, even if Mayco's Brief in Opposition were filed five days (two business days) late, the striking of it would be too severe a sanction. The TRW parties argue that they were prejudiced because Mayco had additional days to prepare its Brief in Opposition. There is no showing that these additional days

---

[2] Mayco contends that the bankruptcy court docket shows that the Motion for Leave to Appeal was assigned to a district judge on May 14, 2008. (Docket no. 9 at 2).

[3] The Court notes that the district court docket reflects the "transmittal" of the Motion for Leave to Appeal on May 28, 2008. (Docket no. 3). However, this entry is simply a form from the bankruptcy court clerk. The actual Motion appears in docket no. 1.

allowed Mayco to better present or support its arguments in opposition to the appeal. The TRW parties' Motion to Strike should be denied.

## 2. Motion for leave to appeal

The parties disagree on whether this interlocutory appeal involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal will materially advance the ultimate termination of the litigation. The Court begins with the general rule that interlocutory appeals are disfavored. *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981) (noting delay and disruption inherent in interlocutory appeals); *In re* Wicheff, 215 B.R. at 844 (same); *see Prado-Steiman v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (same). In addition, interlocutory appeals should be "sparingly granted and then only in exceptional cases." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). There is no showing of any exceptional circumstances in this case.

A case which will require the reviewing court to carefully study the record and determine the facts rather than determine a pure, controlling question of law is not a proper candidate for interlocutory review. *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008); *Sanderson Farms, Inc., v. Gasbarro*, 2007 WL 3402539, slip copy at *3 (S.D. Ohio Nov. 13, 2007) A review of the bankruptcy court's 45-page opinion supporting the order being appealed from shows that the court's decisions turn in large part on the particular facts of this case rather than on any substantial disputes on the proper legal standard to be applied. For instance, in determining that TRW's purchase of a participation in the post-petition loan made by Citizens Bank to Mayco was not "cover" or a measure of damages, the bankruptcy court relies heavily on the content of the two "operative documents" which are the Financing Order (the bankruptcy court's order authorizing post-petition

financing for Mayco) and the Subordinated Participation Agreement (SPA) that the participating customers of Mayco made with Citizens Bank, among other documents. (Docket no. 1 ex. A at 18-23).

Much along the same lines, the bankruptcy court's conclusion that TRW could not recoup any unpaid balance owing to it under the SPA against the pre-petition payable that it owes Mayco relies heavily on the content of TRW's purchase orders to Mayco and the facts surrounding the loan from Citizens Bank to Mayco. (*Id*. at 25-28). In deciding whether the doctrine of set-off applies in this case the bankruptcy court reviewed the recitals in the Financing Order, a brief filed by TRW in the bankruptcy court objecting to Mayco's plan in the Chapter 11 case, and a previous court order. (*Id*. at 31-32). The particular facts of this case were also integral to the bankruptcy court's decision that there was no mutuality between the pre-petition debt owed by TRW and the post-petition claim of Citizens Bank under the Financing Order when TRW purchased a participation in it under the SPA. (*Id.* at 36-39). Finally, the bankruptcy court's decision that equitable considerations do not favor allowing TRW to set-off its post-petition claim relies heavily upon the facts of the case. (*Id*. at 39-44). This case turns not as much on the law as on the application of the law to the facts of the case. Accordingly, the proposed appeal would not present a controlling question of law as courts interpret that term.

Finally, the TRW parties have failed to show that an immediate appeal will materially advance the ultimate termination of the litigation. The TRW parties argue that because the issues it intends to present on appeal will determine whether their $1.6 million in losses on the subordinated participations will be recognized, and the total of Mayco's entire claim is $5.3 million, it is likely that this case will not settle until the issues to be presented on appeal are decided on

appeal. (Docket no. 1, brief in support, at 19). However, the amount implicated by this appeal is not even half of the total amount claimed by Mayco. In addition, Mayco argues that the case involves a third-party complaint filed by Omega Tool Corporation against the TRW parties and that complaint involves issues separate from those to be decided on the proposed appeal. (Docket no. 2 ex. C-2 (pleadings related to the counterclaim)). The TRW parties have not shown that this third-party complaint will be affected by the proposed appeal or otherwise be easily resolved.

For all of these reasons the Motion for Leave to Appeal should be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: July 21, 2008　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

　　　I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 21, 2008　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　Courtroom Deputy