UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYCO PLASTICS, INC.

       Appellee,                                      Civil Action No. 08-CV-12094
                                                    HON. BERNARD A. FRIEDMAN

vs.

TRW VEHICLE SAFETY                        Bankr. No. 06-52727
SYSTEMS, INC., et al.,                           Adv. Proc. No. 07-5475
                                                      HON. PHILLIP J. SHEFFERLY

       Appellants.
_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") dated July 21, 2008. In her R&R, Magistrate Judge Majzoub recommends that the Court deny Appellants' Motion for Leave to Appeal [docket entry 1] and Appellants' Motion to Strike [docket entry 7]. Appellants filed objections to the Magistrate Judge's R&R on August 1, 2008, and on August 4, 2008, filed a "Supplement" to its August 1, 2008, objections. Appellee filed a response to Appellants' objections on August 11, 2008. After conducting a *de novo* review of this matter, the Court concludes that Magistrate Judge Majzoub correctly and thoroughly analyzed the issues presented and reached the proper conclusions for the proper reasons. The Court will therefore accept and adopt the Magistrate Judge's R&R as the findings and conclusions of the Court.

Both Appellee and Appellants agree that Appellants' Motion for Leave to Appeal should be granted only if Appellants can show

> (1) the question[s] involved [are] one[s] of law; (2) the question[s] [are] controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

*In re Wicheff*, 215 B.R. 839, 844 (6th Cir. B.A.P. 1998) (quoting *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)). Moreover, Appellants do not dispute that "[interlocutory] [r]eview under [28 U.S.C.] § 1292(b) should be sparingly granted and then only in exceptional cases." *Id*. The Court need not repeat the Magistrate Judge's analysis with respect to each of the four elements of the *Wicheff* test. However, the Court does wish to reiterate the Magistrate Judge's determination with regard to the first element. As Appellee correctly notes, "the 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting *In re Worldcom*, 2003 WL 21498904, at *10 (S.D.N.Y. Jun. 30, 2003)). The five issues raised in this appeal are not "pure" questions of law because the bankruptcy court relied extensively upon various documents contained in the record in adjudicating each of the issues in the first instance. The Court agrees with the Magistrate Judge:

> [a] review of the bankruptcy court's 45-page opinion supporting the order being appealed from shows that the court's decisions turn in large part on the particular facts of this case rather than on any substantial disputes on the proper legal standard to be applied.

R&R at 6. Furthermore, for the reasons explained on pages six and seven of the R&R, the Court agrees with Magistrate Judge Majzoub's determination that "[t]his case turns not as much on the law as on the application of the law to the facts of the case." R&R at 7. Because the Court is unable to decide the issues raised in this appeal "quickly and cleanly without having to study the record," Appellants' Motion for Leave to Appeal must be denied.

Finally, the Court agrees with the Magistrate Judge that Appellants' Motion to Strike should be denied. The Court emphasizes that any filing error committed by Appellee was harmless and Appellants have entirely failed to demonstrate any resulting prejudice. Moreover, as Magistrate Judge Majzoub notes, "even if [Appellee's] Brief in Opposition were filed five days (two business days) late, the striking of it would be too severe a sanction." R&R at 5. Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's R&R dated July 21, 2008, is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Appellants' Motion for Leave to Appeal [docket entry 1] is denied.

IT IS FURTHER ORDERED that Appellants' Motion to Strike [docket entry 7] is denied.


\_s/Bernard A. Friedman_____
Dated: September 4, 2008  BERNARD A. FRIEDMAN
 Detroit, Michigan  CHIEF UNITED STATES DISTRICT JUDGE